IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES D. WILLIAMS,

    Plaintiff,

vs.                                                  Civ. No. 97-1036 BB\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed April 17, 1998. The Commissioner denied Plaintiff's request for disability insurance. Plaintiff alleges a disability due to post-traumatic stress disorder (PTSD), depression, right knee injury, and right rib impairment. Plaintiff also suffered from alcohol abuse but no longer drinks.

2. The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the application. The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. **Thompson v.**

1

**Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted).  Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  **Id**. (citation omitted).

4.  Plaintiff raises the following allegations of error with respect to the ALJ's decision:  1) the ALJ erred in finding that the Plaintiff's mental impairment is not severe; and 2) the ALJ failed to obtain a medical expert (ME) to determine the onset date of disability.  The Plaintiff also contends that the Appeals Council erred in finding that new evidence did not provide a basis for changing the ALJ's decision.

5.  "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  **Id**. at 1486 (citing 42 U.S.C. §423 (d)(1)(A)).  To determine disability, the Commissioner has established a five step sequential evaluation process.  **Id**.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  **Id**. (citations omitted).

6.  The second step of the sequential evaluation process is at issue in this case. At step two, the claimant must show that he has a severe impairment.  20 C.F.R. §404.1520.  To make that showing, the Plaintiff must demonstrate that he has an impairment or combination of impairments which are severe enough to limit his ability to do basic work activities.  **Id**.  Basic work activities include, for example, physical functioning; ability to hear, see, and speak; ability to follow simple instructions; use of judgment; appropriate responses to fellow workers, supervisor, and usual work situations; and the ability to deal with changes in routine work.  **Id.**  If the evidence is unclear as to whether the impairment is severe or not, the sequential evaluation

process is continued.  Soc. Sec. Ruling 85-28.

   7.  The Plaintiff argues first that the ALJ erred when he found that the Plaintiff's mental impairment was not severe. The ALJ based his decision on the fact that there are no medical records from August 15, 1979 (the alleged onset date) to December 31, 1984 (the date last insured).[1]  Tr. 13. In fact, the ALJ noted that medical records do not begin until 1994 when the Department of Veterans Affairs found only a 10% disability based on the PTSD.  Tr. 13-15.  Other documentation of disability recorded in 1994 and 1995 were considered too remote in time by the ALJ to use as "an adequate measure of the claimant's ability to perform daily living activities; his ability to socialize with other people; his ability to concentrate and attend, etc., during the relevant time period in the present case."  Tr. 15.  Moreover, the ALJ noted that the Plaintiff stated that he quit working in 1979 due to a right knee injury, not PTSD. **Id**.  Finally, the ALJ observed that the Plaintiff stated at the administrative hearing that in the early 1980's  "he did not get along with others and helicopters bothered him."  **Id**.

   8.  The Plaintiff argues that there is retroactive medical evidence of a severe mental impairment prior to December 31, 1984.  Dr. Canive, a treating psychiatrist, stated in 1995 that upon Plaintiff's retirement from the Marine Corps in 1977 his PTSD "symptoms emerged and without the structure which the military provides, the veteran is unable to fully manage such severe and unremitting symptoms despite his participation in treatment."  Tr. 138.  Dr. Canive also noted that Plaintiff's "attempts to manage these memories and nightmares have resulted in depression and sleeplessness also leading to his development of patterns of avoidance and

---

[1] The relevant period of time for disability insurance benefits is that prior to the date last insured.  42 U.S.C. §416(I)(2)(c).

isolation since his retirement from the Marine Corps." **Id**.  Moreover, Dr. Canive observed that "[t]he symptoms and problems described above represent a chronic and stable condition associated with severe combat trauma."  Tr. 159.  Ms. Howard, Plaintiff's treating counselor, also stated in 1995 that Plaintiff's PTSD "symptoms seemed to be held in abeyance while [he was] still functioning within the structure of the military but were execerbated [sic] upon [his] retirement."  Tr. 117.  She further stated that the Plaintiff's psychiatric symptoms represent a chronic and stable condition associated with severe combat trauma...." **Id**.[2]  It is uncertain, however, whether the above medical evidence is based upon the Plaintiff's history as dictated by him or on some other medical evaluation.

9.  Even so, the Plaintiff apparently quit one of his jobs in 1979 because he could not get along with the other employees.  Tr. 40.  This action by the Plaintiff could very well be consistent with the symptoms of PTSD including isolation and avoidance.  The Plaintiff's ex-wife, moreover, stated in an affidavit that after the Plaintiff retired he became very vigilant as well as "jittery and nervous."  Tr. 328.  She observed that the Plaintiff did not trust people and became very argumentative.  **Id**.  Plaintiff's ex-wife also implied that the Plaintiff's mental state was worse prior to December 31, 1984 than it is now.  Tr. 329.

10.  Although the medical evidence does not constitute clearly substantial evidence of a severe mental impairment prior to December 31, 1984, the other evidence, especially that of the Plaintiff's ex-wife, does constitute substantial evidence that the Plaintiff's PTSD affected his ability to perform basic work activities prior to December 31, 1984.  **See Potter v. Secretary of**

---

[2]Both Dr. Canive and Ms. Howard found that the Plaintiff is presently unemployable.  Tr. 177, 159.

**Health and Human Services**, 905 F.2d 1346, 1348 (10th Cir. 1990)(treating physician may provide retroactive diagnosis). At the very least, one could say that the evidence is unclear as to the severity of the PTSD prior to December 31, 1984. In either event, the ALJ should have continued with the sequential evaluation process to step three. The ALJ, therefore, erred in that respect.

      11. The Plaintiff argues next that the ALJ should have employed an ME to determine a disability onset date. There is, however, no need to establish an onset date when no disability has been found. **See Key v. Callahan**, 109 F.3d 270, 274 (6th Cir. 1997). Since the ALJ did not find a disability, he was not bound to obtain an ME to determine an onset date. The ALJ, therefore, did not err by failing to obtain an ME.

      12. Lastly, the Plaintiff asserts that the Appeals Council erred by concluding that the new evidence consisting in part of Plaintiff's ex-wife's affidavit did not provide a basis for granting a review of the ALJ's decision. As the Commissioner indicates, the Court lacks the authority under 42 U.S.C. §405(g) to review the Appeals Council's decision not to reexamine an ALJ's determination. However, the Court can review the Appeals Council's decision to reject new evidence as immaterial even if the Appeals Council's action does not constitute the Commissioner's final decision. **Mills v. Sullivan**, 804 F.Supp. 1048, 1057 (N.D. Ill. 1992). Moreover, the Court can consider evidence presented to the Appeals Council in evaluating the ALJ's decision for substantial evidence. **O'Dell v. Shalala**, 44 F.3d 855, 859 (10th Cir. 1994). As already indicated above, the affidavit by Plaintiff's ex-wife provides a history and description of Plaintiff's mental illness which relates to the relevant time period prior to December 31, 1984. As such, the affidavit is material to the issue of whether the Plaintiff had a severe mental

impairment prior to December 31, 1984.  Consequently, the Appeals Council erred by dismissing the affidavit.

## Recommended Disposition

I recommend granting in part the Plaintiff's Motion to Reverse and Remand for a Rehearing.  Specifically, I recommend remanding this matter to the Commissioner so that he can apply step three of the sequential evaluation process to the Plaintiff's mental impairment, and if necessary, analyze the case pursuant to steps four and five of the sequential evaluation process.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE